## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:14-cv-3-FDW

| | |
|---|---|
| ERIC MORALES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) ORDER |
| DR. KEITH A. KUHNE, SUSAN MCNEELY, RN BRIDGET BUCHANAN, | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I.  BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who is serving a life sentence following his conviction on a charge of first-degree murder on April 16, 2010. In his pro se complaint, Plaintiff alleges that he was provided inadequate medical care after he began suffering severe pain on his right side and in his back. Plaintiff was treated by Dr. Kuhne and was prescribed pain medication however Plaintiff continued to experience pain and Dr. Kuhne later prescribed a different medication. Over the next several months, Plaintiff states that he continued to experience pain but one or more defendants refused to provide adequate medical treatment. Plaintiff contends that his Eighth Amendment right to be free from cruel and unusual punishment has been violated by the inadequate medical care and he is seeking compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must satisfy to the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the

2

state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). After Plaintiff filed his complaint, an Order was entered which informed Plaintiff of his obligation to meet the exhaustion requirements. (Doc. No. 4). Plaintiff then filed a copy of his written grievance however he provided no information regarding the disposition of the grievance therefore it appears that Plaintiff has failed to comply with the Order requiring that he demonstrate exhaustion.

Based on the foregoing, the Court finds that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies despite having more than sufficient time to file copies of the

responses to his written grievance. Accordingly, Plaintiff's complaint will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED**. (Doc. No. 3).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 7, 2014

Frank D. Whitney
Chief United States District Judge